(54 Misc. Rep. 114)

### RICKERT v. WHITE.

(Supreme Court, Special Term, New York County.   April, 1907.)

CORPORATIONS—OFFICERS—LIABILITY TO CORPORATION—INDIVIDUAL BENEFITS.
   A corporate officer, purchasing goods for the corporation from a partnership in which, unknown to the corporation, he holds an interest, must account to the corporation for the profits derived.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1397.]

Action by Thomas A. Rickert, as president of the United Garment Workers of America, against Henry White, for an accounting of secret profits. Judgment for plaintiff.

Jacob Fromme, for plaintiff.
Louis J. Jacoves, for defendant.

O'GORMAN, J.  The averments of the complaint are sustained by the evidence. It is established that the defendant, while acting as secretary of the United Garment Workers of America and intrusted with the purchase of certain supplies, procured the same from a firm of which he was a member. It also appears that his connection with the firm was concealed from the corporation. Under the circumstances the defendant must account to the plaintiff for the profits he derived from the transactions in question. The defendant held a position of trust and confidence, and will not be permitted to use his office for personal gain. Officers of a corporation are bound to exercise the utmost good faith toward the corporate interests, and cannot lawfully take secret profits in contracts which they are empowered to make. When an officer or any agent is authorized to sell he cannot lawfully become the purchaser, and when directed to buy he cannot become the seller. Where, in disregard of his duty, an officer makes purchases or enters into contracts whereby he acquires a personal advantage, the profits thus obtained belong, not to him, but to the corporation. Koster v. Pain, 41 App. Div. 444, 58 N. Y. Supp. 865; Smith v. Seattle, L. S. & E. R. Co., 72 Hun, 202, 25 N. Y. Supp. 368; Barnes v. Brown, 80 N. Y. 535.

Judgment for plaintiff.